[Cite as *State v. Vang*, 2011-Ohio-5010.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.    25769 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| TONG VANG | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.    CR 05 08 2924 |

DECISION AND JOURNAL ENTRY

Dated: September 30, 2011

DICKINSON, Judge.

INTRODUCTION

{¶1}    In 2006, Tong Vang was convicted of one count of rape of a minor under the age of thirteen and one count of gross sexual imposition involving the same victim.  Mr. Vang appealed, and this Court affirmed his convictions.  In 2010, Mr. Vang moved the trial court for resentencing due to an error in the imposition of post-release control.  The trial court granted the motion and re-imposed the same sentence but corrected the post-release control error and adjudicated Mr. Vang a Tier III Sex Offender/Child Victim Offender Registrant.  Mr. Vang has appealed that judgment, assigning four errors focusing on two issues.  First, he has argued that the trial court incorrectly imposed the payment of court costs as part of his sentence because it failed to notify him during the resentencing hearing that it intended to impose court costs.  Mr. Vang has also argued that the trial court incorrectly reclassified him under the Adam Walsh Act and that his lawyer was ineffective for failing to object to the reclassification.  This Court affirms

the part of the trial court's judgment relating to post-release control and vacates the rest of the judgment. Mr. Vang's arguments are moot because they address resentencing issues that are unrelated to correcting the imposition of post-release control.

## BACKGROUND

{¶2} In April 2006, the trial court sentenced Mr. Vang to serve life imprisonment for the crime of rape and a concurrent one-year term for gross sexual imposition. It also imposed the costs of prosecution. In the same entry, the trial court adjudicated Mr. Vang a Habitual Sex Offender with a Child Victim under Megan's Law and notified him that he would be subject to community notification and annual registration requirements for twenty years following his release from prison. That judgment was affirmed on appeal. Mr. Vang later petitioned the trial court for post-conviction relief. The trial court's denial of his petition was affirmed on appeal.

{¶3} When the trial court resentenced Mr. Vang in December 2010, it imposed the same sentence it had imposed in 2006, including court costs. It also imposed the proper term of mandatory post-release control for a felony sex offense and notified Mr. Vang of the consequences of post-release control violations. In the resentencing entry, the trial court reclassified Mr. Vang as a Tier III Sex Offender/Child Victim Registrant under the Adam Walsh Act and notified him that he would be required to register every 90 days for the rest of his life. During the resentencing hearing, the trial court did not mention the imposition of court costs, and Mr. Vang's lawyer did not object to his reclassification under the Adam Walsh Act.

## RESENTENCING TO CORRECT POST-RELEASE CONTROL

{¶4} The Ohio Supreme Court has held that, "when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside." *State v. Fischer*, 128 Ohio St. 3d 92, 2010-Ohio-6238, at ¶26. "[I]f a

post-release control error occurred in sentencing, only the part of the sentence affected by the error may be vacated or otherwise amended and a new sentencing hearing is limited to proper imposition of post-release control." *State v. Johnson*, 9th Dist. No. 25104, 2011-Ohio-436, at ¶11 (citing *Fischer*, 2010-Ohio-6238, at ¶28-29, 36).

{¶5} In this case, the trial court conducted a de novo sentencing hearing, reissuing the same sentence while correcting the post-release control error and reclassifying Mr. Vang under the Adam Walsh Act. The trial court was not empowered to vacate or otherwise amend the parts of the original sentence that were not void. Therefore, "[t]o the extent the trial court conducted a de novo sentencing hearing and reissued a sentence to [Mr. Vang], its judgment in that respect is vacated." *State v. Woods*, 9th Dist. No. 25236, 2011–Ohio–562, at ¶10. The lawful parts of Mr. Vang's prior sentencing entry remain valid. *State v. Fischer*, 128 Ohio St. 3d 92, 2010-Ohio-6238, at paragraph three of the syllabus.

## COSTS OF PROSECUTION

{¶6} Regardless of whether it is correct, the part of the trial court's original sentencing entry imposing the costs of prosecution is not void. See *State v. Joseph*, 125 Ohio St. 3d 76, 2010-Ohio-954, at ¶22. Given this Court's judgment vacating all but the post-release control part of the trial court's resentencing, the costs of prosecution remains a valid part of Mr. Vang's sentence. *State v. Fischer*, 128 Ohio St. 3d 92, 2010-Ohio-6238, at paragraph three of the syllabus. To the extent that Mr. Vang has argued that the trial court incorrectly included the costs of prosecution when it resentenced him, his argument is moot because this Court has vacated that part of the trial court's December 2010 judgment. To the extent that his argument is aimed at his original sentence, res judicata bars the assignment of errors in this appeal that were or could have been assigned on direct appeal from the trial court's original sentencing entry in

2006. *State v. Fischer*, 128 Ohio St. 3d 92, 2010-Ohio-6238, at ¶40. Mr. Vang's first and second assignments of error are overruled because they do not address the imposition of post-release control, which is the only topic the trial court properly addressed at the resentencing hearing.

## RECLASSIFICATION UNDER ADAM WALSH ACT

{¶7} Mr. Vang's third and fourth assignments of error are that the trial court violated his constitutional rights by reclassifying him under the Adam Walsh Act and that his lawyer was ineffective for failing to object to the reclassification. As part of the discussion regarding the first two assignments of error, the part of the trial court's resentencing entry that addressed Mr. Vang's sexual offender status has been vacated by this Court. Thus, Mr. Vang's classification under Megan's Law as a Habitual Sex Offender with a child victim remains a valid part of his sentence. *State v. Fischer*, 128 Ohio St. 3d 92, 2010-Ohio-6238, at paragraph three of the syllabus. Mr. Vang's reclassification arguments are moot. Therefore, his third and fourth assignments of error are overruled.

## CONCLUSION

{¶8} Mr. Vang's assignments of error are overruled because they all focus on resentencing issues that are unrelated to correcting the imposition of post-release control. The judgment of the Summit County Common Pleas Court is vacated to the extent the court addressed anything other than post-release control. The remainder of the judgment is affirmed.

Judgment affirmed in part,
vacated in part.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CLAIR E. DICKINSON
FOR THE COURT

CARR, P. J.
MOORE, J.
CONCUR

APPEARANCES:

NEIL P. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.