[Cite as *State v. Torres*, 2018-Ohio-1173.]

STATE OF OHIO      )          IN THE COURT OF APPEALS
                   )ss:         NINTH JUDICIAL DISTRICT
COUNTY OF MEDINA     )

STATE OF OHIO                    C.A. No.       17CA0038-M

     Appellee

     v.                            APPEAL FROM JUDGMENT
                                     ENTERED IN THE
ANGEL TORRES                 COURT OF COMMON PLEAS
                                     COUNTY OF MEDINA, OHIO
     Appellant               CASE No.      16CR0361

DECISION AND JOURNAL ENTRY

Dated: March 30, 2018

SCHAFER, Presiding Judge.

{¶1}   Defendant-Appellant, Angel Torres, appeals his conviction in the Medina County Court of Common Pleas.  For the reasons that follow, we affirm.

I.

{¶2}   On June 21, 2016, Trooper Baker of the Ohio State Highway Patrol stopped Torres for having excessively dark window tint.  During the stop, Trooper Baker conducted an exterior sniff of Torres' vehicle using his canine partner.  The canine alerted to the passenger-side door.  During a search of the vehicle, troopers discovered 110 grams of cocaine inside the vehicle.

{¶3}   The Medina County Grand Jury subsequently indicted Torres on one count of possession of cocaine in violation of R.C. 2925.11(A) and (C)(4)(f), a felony of the first degree.  The indictment included a major drug offender specification pursuant to R.C. 2941.1410 and a

forfeiture specification pursuant to R.C. 2981.04. Torres pleaded not guilty and the matter proceeded through the pretrial process.

{¶4} Torres ultimately filed a motion to suppress the evidence seized and any statements made by Torres as a result of the traffic stop. Following a hearing, the trial court denied the motion. Torres changed his plea to no contest to the sole charge in the indictment and the related specifications. The trial court then found Torres guilty of the charge and specifications and sentenced him according to law.

{¶5} Torres filed this timely appeal, raising one assignment of error for our review.

II.

## Assignment of Error

**The trial court erred in denying Mr. Torres's motion to suppress, thereby violating his right to be secure from an unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution, and Article I, Section 14 of the Ohio Constitution.**

{¶6} In his sole assignment of error, Torres argues that the trial court erred by denying his motion to suppress. We disagree.

{¶7} A motion to suppress evidence presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. "When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id.*, citing *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). Thus, a reviewing court "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Id.* at ¶ 8. "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*, citing *State v. McNamara*, 124 Ohio App.3d 706 (4th Dist.1997).

{¶8} Following the hearing on Torres' motion to suppress, the trial court made the following factual findings. Trooper Jim Baker of the Ohio State Highway Patrol was on duty stopped in his patrol vehicle in the median of I-71 at milepost 203 watching northbound traffic. Trooper Baker observed a vehicle with window tint he believed was excessively dark because he could not see inside the vehicle. Trooper Baker also observed the vehicle to be driving slower than the maximum speed limit of 70 miles per hour. Trooper Baker subsequently used his radar gun and clocked the vehicle traveling at 59 miles per hour. Trooper Baker then pulled his patrol vehicle on to the roadway and began to follow the vehicle. Trooper Baker followed the vehicle as it exited I-71 and turned left at State Route 83. After the vehicle made the turn, Trooper Baker activated the overhead lights on his patrol vehicle and initiated a traffic stop at 10:55:30 a.m. for excessive window tint in violation of R.C. 4513.241.

{¶9} Trooper Baker approached the vehicle and asked Torres for his driver's license and vehicle registration and advised him of the reason for the stop. Trooper Baker then asked Torres several questions. While questioning Torres, Trooper Baker observed that Torres appeared nervous while answering questions because his hands were shaking and he was hesitant to make eye contact. At 10:59 a.m., Trooper Baker asked Torres to exit the vehicle. Trooper Baker observed that while Torres was outside the vehicle he was drinking a lot of water and believed this was because Torres was nervous.

{¶10} While Torres was outside the vehicle, Sargent Laughlin of the Ohio State Highway Patrol arrived on the scene as back up for Trooper Baker. At 11:00 a.m., Trooper Baker explained to Torres that he had his canine partner, Paco, with him and that he was going to walk the dog around Torres' vehicle. At 11:01:35, Trooper Baker began a canine sniff for narcotics. Contemporaneous to Trooper Baker conducting the canine sniff, Sgt. Laughlin was

completing the paperwork to issue a warning to Torres for having excessively tinted windows in violation of R.C. 4513.241. The canine alerted to the odor of narcotics near the passenger side doors of Torres' vehicle. A subsequent search of the vehicle by the troopers found 110 grams of cocaine in a plastic bag stuffed into a rear passenger seat.

{¶11} Based on the evidence presented at the hearing, the trial court determined that the canine sniff began before Sgt. Laughlin had completed the warning and that the canine sniff was therefore finished before the traffic stop was completed. A review of the record shows that the trial court's findings are based on competent credible evidence.

{¶12} Nonetheless, Torres contends that "[t]he scope of his extended detention was unreasonable and constitutionally impermissible because there was no reasonable articulable suspicion of any additional crime." However, "when detaining a motorist for a traffic violation, an officer may delay the motorist for a time period sufficient to issue a ticket or a warning. This measure includes the period of time sufficient to run a computer check on the driver's license, registration, and vehicle plates." (Internal citations and quotations omitted.) *State v. Ross*, 9th Dist. Lorain No. 12CA010196, 2012-Ohio-6111, ¶ 8, quoting *State v. Davenport*, 9th Dist. Lorain No. 11CA010136, 2012-Ohio-4427, ¶ 6, quoting *State v. Batchili*, 113 Ohio St.3d 403, 2007-Ohio-2204, ¶ 12; *see Rodriguez v. United States*, __ U.S. __, 135 S.Ct. 1609, 1612, 191 L. Ed. 2d 492 (2015) ("A seizure justified only by a police-observed traffic violation, * * * become[s] unlawful if it is prolonged beyond the time reasonably required to complete th[e] mission of issuing a [warning] ticket for the violation.") (Internal quotations and citation omitted.) "In determining if an officer completed these tasks within a reasonable length of time, the court must evaluate the duration of the stop in light of the totality of the circumstances and consider whether the officer diligently conducted the investigation." *Ross* at ¶ 8,

quoting *Davenport* at ¶ 6, quoting *Batchili* at ¶ 12. "[I]f during the limited scope and duration of the initial stop an officer encounters additional specific and articulable facts that give rise to a reasonable suspicion of criminal activity beyond that which prompted the stop, the officer may continue to detain the defendant to investigate those new concerns." *Ross* at ¶ 8, quoting *State v. Shook*, 9th Dist. Lorain No. 93CA005716, 1994 Ohio App. LEXIS 2631, *10 (June 15, 1994).

{¶13} In this case, the record indicates that Trooper Baker effectuated the traffic stop at 10:55:30 a.m. with his canine already in the vehicle. Shortly thereafter, Torres handed Trooper Baker his driver's license but could not locate his registration or insurance. Less than three minutes after effectuating the stop, at approximately 10:59:16, Trooper Baker asked Torres to exit the vehicle and stand by Sgt. Laughlin. Trooper Baker testified that while Sgt. Laughlin began filling out the paperwork to give Torres a warning for excessive window tint, Trooper Baker began a canine sniff. The record shows that the canine sniff began at 11:01:35, approximately six minutes after Trooper Baker effectuated the traffic stop. The record further shows that the canine alerted to the odor of narcotics at approximately 11:02:29, seven minutes after Trooper Baker effectuated the stop. Trooper Baker testified that the official business of the traffic stop "was ongoing" at the time he conducted the canine sniff, that the dog sniff did not delay the stop, and that the presence of a second officer helped to speed up the stop. Additionally, Trooper Baker testified that since Torres did not have proof of insurance or his registration that Sgt. Laughlin would have had to check that information in LEADS. Trooper Baker further testified that the time necessary to conduct the traffic stop in this case was "average" and there was no evidence that Sgt. Laughlin was not diligent or untimely in completing the warning.

**{¶14}** Therefore, under the totality of the circumstances, we conclude that the duration of the stop in this case was not constitutionally unreasonable since the dog sniff was completed within the time period sufficient for the warning. *See Ross* at ¶ 8; *see also Batchili* at ¶ 14 (concluding that there "simply [was] no evidence to suggest that [the defendant]'s detention for the traffic violation was of sufficient length to make it constitutionally dubious" where the drug dog alerted approximately nine minutes into the stop and the traffic citation had not yet been completed); *State v. Jackson*, 9th Dist. Lorain No. 14CA010555, 2015-Ohio-2473, ¶ 29-30 (determining that a traffic stop of eight minutes was not impermissibly extended for dog sniff that occurred after the defendant was removed from the vehicle, searched for weapons, and placed in the back of the police cruiser).

**{¶15}** Torres' assignment of error is overruled.

### III.

**{¶16}** Torres' sole assignment of error is overruled. Therefore, the judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

—————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JULIE A. SCHAFER
FOR THE COURT

TEODOSIO, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

ASHLEY L. JONES, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.