[Cite as *State v. Guy*, 2020-Ohio-3011.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

SCOTT GUY

    Appellant

C.A. No.     29496

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CR 08 07 2335

DECISION AND JOURNAL ENTRY

Dated: May 20, 2020

CARR, Presiding Judge.

{¶1} Appellant, Scott Guy, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms in part, reverses in part, and remands.

I.

{¶2} In 2009, Guy pleaded guilty to rape in relation to an incident that occurred in 2006. The trial court sentenced Guy to life imprisonment with parole eligibility after ten years and further ordered that his prison sentence in this matter be served consecutively to his sentence in a different case. The trial court also classified Guy as a Tier III sex offender under the Adam Walsh Act.

{¶3} In the following years, Guy filed a number of motions challenging his sentence. In 2013, Guy filed a motion arguing that the trial court imposed an unlawful term of post-release control. The trial court denied the motion.

{¶4} In 2014, Guy filed a motion challenging his classification as a Tier III sex offender. The State filed a memorandum acknowledging that Guy should have been classified under

Megan's Law. The trial court did not rule on the motion prior to 2016, when it appointed new counsel for Guy.

{¶5} Newly appointed counsel filed a motion to withdraw Guy's guilty plea on the basis that trial counsel was ineffective. Newly appointed counsel further argued that Guy's classification as a Tier III sex offender rendered his entire sentence void. The State filed a memorandum in opposition to Guy's motion to withdraw his plea.

{¶6} After a video conference in early 2018, the trial court took the matter under advisement. Guy subsequently filed a pro se motion asking the trial judge to recuse herself. Shortly thereafter, Guy filed a pro se motion requesting new counsel.

{¶7} On July 12, 2019, the trial court issued a journal entry denying Guy's pending motions.

{¶8} On appeal, Guy raises four assignments of error.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT IMPOSED AN ILLEGAL SENTENCE WHEN IT SENTENCED THE APPELLANT AS A SEXUAL PREDATOR UNDER THE ADAM WALSH ACT VIOLATING HIS CONSTITUTIONAL RIGHTS[.]

{¶9} In his first assignment of error, Guy contends that his entire sentence is void because the trial court improperly classified him as a Tier III sex offender under the Adam Walsh Act when he should have been classified under Megan's Law.

{¶10} In 2007, the Ohio General Assembly enacted the Adam Walsh Act and repealed Megan's Law, effective January 1, 2008. The Supreme Court of Ohio subsequently concluded that the Adam Walsh Act could not be applied retroactively to offenses committed prior to the law's effective date. *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, ¶ 17, 22.

{¶11} The offense at issue here was committed in 2006. The State conceded below that Guy was improperly classified under the Adam Walsh Act and that he should be reclassified under Megan's Law. The State renews this concession on appeal but emphasizes that the improper classification does not render the entirety of Guy's sentence void.

{¶12} Megan's Law contained statutorily mandated sanctions. *See State v. Hayden*, 96 Ohio St.3d 211, 2002-Ohio-4169, ¶ 16. A trial court's failure to properly impose a statutorily mandated sanction renders that specific portion of the sentence void, but such a failure does not render the entire sentence void ab initio. *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, ¶ 7. Contrary to Guy's assertion on appeal, only the classification portion of his sentence is void. *See generally State v. Vang*, 9th Dist. Summit No. 25769, 2011-Ohio-5010, ¶ 5 ("The trial court was not empowered to vacate or otherwise amend the parts of the original sentence that were not void."); *State v. Cortez*, 5th Dist. Licking No. 13-CA-121, 2014-Ohio-3814, ¶ 13 (noting that an improper sex offender classification renders only that portion of the sentence void). Accordingly, while Guy's sex offender classification is void, his underlying conviction and the lawful portions of his sentence remain in place. *Holdcroft* at ¶ 7.

{¶13} The first assignment of error is sustained to the extent that this matter must be remanded for Guy to be reclassified under Megan's Law.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE APPELLANT[']S MOTION TO WITHDRAW HIS GUILTY PLEA[.]

{¶14} In his second assignment of error, Guy contends that the trial court abused its discretion when it denied his motion to withdraw his guilty plea. This Court disagrees.

{¶15} An appellate court review's a trial court's order denying a motion to withdraw a guilty plea for an abuse of discretion. *State v. Chavers*, 9th Dist. Wayne No. 10CA0031, 2011-

Ohio-3248, ¶ 7. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶16} Crim.R. 32.1 states:

A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

{¶17} The general rule is that a pre-sentence motion to withdraw should be freely and liberally granted. *State v. Xie*, 62 Ohio St.3d 521, 527 (1992). While a defendant does not have an absolute right to withdraw his plea prior to sentencing, the trial court must conduct a hearing to determine whether legitimate grounds for withdrawal exist before denying the requested relief. *Id.*

{¶18} On the other hand, a defendant filing a post-sentence motion to withdraw a guilty plea "has the burden of establishing the existence of manifest injustice." *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph one of the syllabus. The term "manifest injustice" has been described as a "clear or openly unjust act." *State v. Ruby*, 9th Dist. Summit No. 23219, 2007-Ohio-244, ¶ 11, quoting *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208 (1998). "Under the manifest injustice standard, a post-sentence 'withdrawal motion is allowable only in extraordinary cases.'" *State v. Brown*, 9th Dist. Summit No. 24831, 2010-Ohio-2328, at ¶ 9, quoting *Smith* at 264. An evidentiary hearing on a post-sentence motion to withdraw a guilty plea is not required when the movant fails to submit evidentiary materials demonstrating a manifest injustice. *State v. Buck*, 9th Dist. Lorain No. 04CA008516, 2005-Ohio-2810, ¶ 14.

{¶19} Here, Guy filed his motion to withdraw more than eight years after he was sentenced. The central component of Guy's argument on appeal is that because his sentence was rendered void by his improper classification under the Adam Walsh Act, the trial court should have reviewed his motion to withdraw under the pre-sentence standard. As noted in our resolution

of Guy's first assignment of error, an improper classification under the Adam Walsh act renders only that sanction void and the lawful portions of Guy's sentence remain in place. Thus, the trial court did not err in reviewing Guy's motion to withdraw under a post-sentence standard. As Guy has not set forth a manifest injustice argument in his merit brief, this Court declines to create one for him. *See* App.R. 16(A)(7); *Akron v. Johnson*, 9th Dist. Summit No. 26047, 2012-Ohio-1387, ¶ 3.

{¶20} The second assignment of error is overruled.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT COMMITTED JUDICIAL MISCONDUCT WHEN IT RULED UPON A MOTION TO RECUSE AND DID NOT ALLOW THE ADMINISTRATIVE JUDGE TO CONSIDER THE APPELLANT[']S REQUEST[.]

{¶21} In his third assignment of error, Guy contends that the trial court erred when it denied his motion for recusal. This Court disagrees.

{¶22} The process for disqualifying a trial judge of the court of common pleas is governed by R.C. 2701.03. "Before filing an affidavit for disqualification [pursuant to R.C. 2701.03,] a party may choose to file a motion with the trial court requesting that the trial judge voluntarily recuse himself or herself. However, if that motion is denied the party seeking disqualification must comply with R.C. 2701.03." *State v. Fry*, 9th Dist. Summit No. 26121, 2012-Ohio-2602, ¶ 49. Thus, when a trial court denies a motion for voluntary recusal, this Court lacks authority to review the matter. *Id.*

{¶23} Here, Guy filed a motion for the trial judge to recuse herself and that motion was denied. Guy must follow the disqualification procedure set forth in R.C. 2701.03(A)/(B), which entails filing an affidavit of disqualification with the Supreme Court. As this Court lacks authority to review the trial court's ruling on Guy's motion, his third assignment of error is overruled.

## ASSIGNMENT OF ERROR IV

THE APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL[.]

{¶24} In his final assignment of error, Guy contends that original trial counsel rendered ineffective assistance when he failed to object to the trial judge's influence on the plea bargaining process. Guy further contends that newly appointed trial counsel rendered ineffective assistance by allowing the trial court to delay in ruling on the motion to withdraw. This Court disagrees.

{¶25} As an initial matter, we note that Guy's argument that original trial counsel rendered ineffective assistance during plea negotiations is barred by res judicata. Guy points to statements made by the trial court at the plea colloquy and at sentencing in support of his claim. Res judicata bars claims that were either raised or could have been raised on direct appeal. *See State v. Daniel*, 9th Dist. Summit No. 26670, 2013-Ohio-3510, ¶ 11. Guy could have raised a claim against trial counsel on direct appeal. As Guy elected not to file a direct appeal, he is now barred from raising that issue in a subsequent appeal under the doctrine of res judicata. *Id*.

{¶26} Guy's second argument involving newly appointed counsel is also without merit. In order to succeed on an ineffective assistance claim, Guy must demonstrate both that counsel's performance was deficient and that but for counsel's allegedly deficient performance, the result below would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Here, Guy contends that counsel "never filed anything to get th[e] [motion to withdraw] properly resolved[.]" The record indicates that on October 4, 2018, newly appointed counsel filed a motion requesting that the trial court rule on Guy's outstanding motions, including his motion to withdraw his guilty plea. The trial court ultimately issued a journal entry denying Guy's motion to withdraw. In his merit brief, Guy has failed to explain how he was prejudiced by counsel's allegedly deficient performance. App.R. 16(A)(7); *see also State v. Ray*, 9th Dist. Summit No. 22459, 2005-Ohio-

4941, ¶ 10 (this Court need not address both prongs of the *Strickland* test if the appellant fails to satisfy either prong). Under these circumstances, Guy cannot prevail on his ineffective assistance claim.

{¶27} Guy's fourth assignment of error is overruled.

III.

{¶28} Guy's first assignment of error is sustained to the extent that this matter must be remanded for the trial court to reclassify Guy under Megan's Law. Guy's second, third, and fourth assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and the cause is remanded.

Judgment affirmed in part,
reversed in part,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

                                              _____

DONNA J. CARR
FOR THE COURT

SCHAFER, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

SCOTT GUY, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.