[Cite as *State v. Torres*, 2020-Ohio-3691.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 19CA0076-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ANGEL L. TORRES | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 16CR0361 |

DECISION AND JOURNAL ENTRY

Dated: July 13, 2020

TEODOSIO, Judge.

{¶1} Appellant, Angel L. Torres, appeals from the judgment of the Medina County Court of Common Pleas, denying his motion to withdraw his no contest plea. This Court affirms.

I.

{¶2} This Court has previously summarized the facts and procedural history of this case in a prior appeal:

> On June 21, 2016, Trooper Baker of the Ohio State Highway Patrol stopped Torres for having excessively dark window tint. During the stop, Trooper Baker conducted an exterior sniff of Torres' vehicle using his canine partner. The canine alerted to the passenger-side door. During a search of the vehicle, troopers discovered 110 grams of cocaine inside the vehicle.
>
> The Medina County Grand Jury subsequently indicted Torres on one count of possession of cocaine in violation of R.C. 2925.11(A) and (C)(4)(f), a felony of the first degree. The indictment included a major drug offender specification pursuant to R.C. 2941.1410 and a forfeiture specification pursuant to R.C. 2981.04. Torres pleaded not guilty and the matter proceeded through the pretrial process.
>
> Torres ultimately filed a motion to suppress the evidence seized and any statements made by Torres as a result of the traffic stop. Following a hearing, the trial court

denied the motion. Torres changed his plea to no contest to the sole charge in the indictment and the related specifications. The trial court then found Torres guilty of the charge and specifications and sentenced him according to law.

*State v. Torres*, 9th Dist. Medina No. 17CA0038-M, 2018-Ohio-1173, ¶ 2-4. On appeal, Mr. Torres challenged the trial court's denial of his motion to suppress, and we affirmed. *Id.* at ¶ 6-16. Mr. Torres filed an application to reopen the appeal pursuant to App.R. 26(B), which was denied. *State v. Torres*, 9th Dist. Medina No. 17CA0038-M (Sept. 4, 2018). He also appealed to the Supreme Court of Ohio, but the high court declined to accept jurisdiction. *State v. Torres*, 154 Ohio St.3d 1422, 2018-Ohio-4496. Mr. Torres then filed a motion to withdraw his no contest plea, which the trial court denied pursuant to the doctrine of res judicata.

{¶3} Mr. Torres now appeals from the trial court's judgment and raises four assignments of error for this Court's review. Because our analysis is dispositive of the appeal as a whole, we have consolidated all four assignments of error and will address them together.

II.

### ASSIGNMENT OF ERROR ONE

THE TRIAL COURT IMPROPERLY APPLIED THE DOCTRINE OF RES JUDICATA TO BAR APPELLANT FROM RAISING HIS INEFFECTIVE CLAIMS RAISED IN HIS MOTION TO WITHDRAW HIS NO-CONTEST PLEA.

### ASSIGNMENT OF ERROR TWO

TRIAL COUNSEL CAMPBELL'S PERFORMANCE WAS DEFICIENT BECAUSE COUNSEL FAILED TO OBJECT TO TROOPER BAKER'S TESTIMONY AS TO WHAT SGT. LAUGHLIN WAS DOING DURING THE TRAFFIC STOP, IN VIOLATION OF APPELLANT'S SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL AND IN VIOLATION OF THE CONFRONTATION CLAUSE UNDER THE SIXTH AMENDMENT TO THE U.S. CONSTITUTION.

### ASSIGNMENT OF ERROR THREE

TRIAL COUNSEL CAMPBELL AND DOWNING WERE BOTH DEFICIENT IN VIOLATION OF APPELLANT'S SIXTH AMENDMENT RIGHT TO EFFECTIVE

COUNSEL UNDER THE U.S. CONSTITUTION, BECAUSE NEITHER COUNSEL ADVISED APPELLANT ABOUT THE STATE'S BURDEN OF PROOF TO "ACTUAL" AND "CONSTRUCTIVE" POSSESSION OF THE CONTRABAND.

## ASSIGNMENT OF ERROR FOUR

TRIAL COUNSEL CAMPBELL'S PERFORMANCE WAS DEFICIENT BECAUSE HE FAILED TO REQUEST AN INDEPENDENT WEGHING (SIC) OR WEIGHING OF THE CONTRABAND AT ISSUE IN VIOLATION OF HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE COUNSEL UNDER THE U.S. CONST.

{¶4} In his assignments of error, Mr. Torres argues that (1) the trial court erred in relying on res judicata to deny his motion to withdraw his plea of no contest and (2) he received ineffective assistance of trial counsel.

{¶5} Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Because a motion to withdraw a plea of guilty or no contest is entrusted to the discretion of the trial court, this Court reviews the trial court's determination for an abuse of discretion. *State v. Bloodworth*, 9th Dist. Summit No. 29025, 2019-Ohio-1222, ¶ 9. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying an abuse of discretion standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶6} The Supreme Court of Ohio has stated: "The general rule of law is that the trial court loses jurisdiction to take action in a cause after an appeal has been taken and decided." *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97 (1978). The trial court only retains jurisdiction over issues not inconsistent with that of the appellate court to

review, affirm, modify or reverse the appealed judgment. *Id.* The granting of a motion to withdraw a guilty plea and an order to then proceed with a new trial would be inconsistent with the judgment of the appellate court affirming the trial court's conviction premised upon that guilty plea. *Id.* Because the judgment of the appellate court is controlling upon the trial court as to all matters within the compass of the judgment, the trial court loses its jurisdiction when an appeal is taken and, absent a remand, does not regain jurisdiction subsequent to the appellate court's decision. *Id.* Thus, there is a "total and complete want of jurisdiction" by the trial court to grant a motion to withdraw a plea of guilty and to proceed with a new trial following an affirmance by the appellate court. *Id.* at 98.

{¶7} This Court has recognized that *Special Prosecutors* also applies to a motion to withdraw a no contest plea. *State v. Davie*, 9th Dist. Summit No. 27961, 2016-Ohio-2816, ¶ 12, citing *State v. Hillman*, 9th Dist. Wayne No. 15AP0031, 2016-Ohio-870, ¶ 9. There is no dispute that Mr. Torres pled no contest and was convicted in this matter. *Torres*, 2018-Ohio-1173, at ¶ 4. This Court then affirmed his conviction on direct appeal. *Id.* at ¶ 16. Afterward, Mr. Torres filed a motion to withdraw his no contest plea in the trial court. Pursuant to *Special Prosecutors*, however, the trial court did not have authority to consider that motion. *Special Prosecutors* at 97-98. Accordingly, we cannot say that the trial court abused its discretion or committed reversible error by denying Mr. Torres' motion to withdraw his no contest plea, regardless of the court's reasoning behind its decision.

{¶8} To the extent Mr. Torres claims ineffective assistance of trial counsel, those arguments could have all been raised on direct appeal. *State v. Guy*, 9th Dist. Summit No. 29496, 2020-Ohio-3011, ¶ 25. "Res judicata bars claims that were either raised or could have been raised on direct appeal." *Id.* As Mr. Torres failed to raise his ineffective assistance claims in his direct

appeal, he is now barred from raising them in a subsequent appeal by the doctrine of res judicata. *Id.*

{¶9} Mr. Torres' first, second, third, and fourth assignments of error are all overruled.

### III.

{¶10} Mr. Torres' assignments of error are all overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

CALLAHAN, P. J.
CONCURS.

CARR, J.
CONCURRING IN JUDGMENT ONLY.

{¶11} I concur in judgment only as I would overrule Torres's assignments of error solely on the basis of res judicata. While I am mindful that this Court has applied the Supreme Court of Ohio's holding in *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94 (1978), in a variety of scenarios, I would decline to apply that precedent in this case. As noted by the majority, the trial court denied Torres's motion for a new trial on the basis of res judicata. I would overrule his assignments of error on the same basis.

APPEARANCES:

ANGEL L. TORRES, pro se, Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.