[Cite as *State v. Cobb*, 2024-Ohio-916.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

CHAD JAY COBB

    Appellant

C.A. No.    30660

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR-2012-07-1887-A

DECISION AND JOURNAL ENTRY

Dated: March 13, 2024

CARR, Judge.

{¶1}   Defendant-Appellant Chad Jay Cobb appeals, pro se, the judgment of the Summit County Court of Common Pleas.  This Court reverses and remands the matter for proceedings consistent with this decision.

I.

{¶2}   Cobb pleaded guilty in 2013 to several serious charges, including aggravated murder, kidnapping, aggravated robbery, and felonious assault, among others.  Cobb was sentenced to life without the possibility of parole.  Cobb appealed, raising three assignments of error for this Court's review.  *See State v. Cobb*, 9th Dist. Summit No. 26847, 2014-Ohio-1923. Therein, Cobb argued that the trial court lacked subject matter jurisdiction over the aggravated murder charge, he received ineffective assistance of counsel when his attorney failed to attend a motion to dismiss hearing in municipal court, and that the trial court violated his right to counsel

by permitting his original counsel to withdraw.  *See id.* at ¶ 4, 11, 14.  This Court overruled his assignments of error.  *Id.* at ¶ 19.

{¶3}   In December 2022, Cobb filed a pro se motion to withdraw his guilty plea.  Cobb argued that he was denied the effective assistance of counsel due to counsel's failure to investigate and/or a failure of counsel to communicate certain information to Cobb.  In addition, Cobb maintained that he was denied the effective assistance of counsel as trial counsel encouraged Cobb to plead while Cobb was being threatened that he would lose parental rights to his children if he did not plead.  Thus, Cobb also asserted that his plea was coerced.  Cobb further argued that *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94 (1979), did not bar a consideration of the merits of his arguments.

{¶4}   The State opposed the motion, asserting that *State ex rel. Special Prosecutors* deprived the trial court of jurisdiction over Cobb's motion, and, if it did not, Cobb's arguments failed on the merits.  Cobb filed a reply brief.

{¶5}   The trial court denied Cobb's motion, concluding that it lacked jurisdiction based upon the holding of *State ex rel. Special Prosecutors* and this Court's precedent interpreting that case and its progeny.

{¶6}   Cobb has appealed, raising three assignments of error.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA BASED ON STATE EX REL. SPECIAL PROSECUTORS V. JUDGES, COURT OF COMMON PLEAS, AND LACK OF JURISDICTION, IN VIOLATION OF DUE PROCESS AS ESTABLISHED UNDER THE FOURTEENTH AMENDMENT OF THE UNITED [STATES] CONSTITUTION, AND ARTICLE I, [SECTION] 10 OF THE OHIO CONSTITUTION, WHEN THE ENTIRE MOTION WAS

BASED ON FACTS THAT WERE NEWLY DISCOVERED AND/OR WITHHELD FROM APPELLANT.

{¶7}  Cobb asserts in his first assignment of error that the trial court erred in concluding that it lacked jurisdiction to consider Cobb's motion to withdraw his guilty plea based upon the holding in *State ex rel. Special Prosecutors*.  Under the facts of this case, and in light of recent Supreme Court precedent, we agree.

{¶8}  *State ex rel. Special Prosecutors* involved a writ of prohibition filed after a trial court granted a defendant's motion to withdraw a guilty plea after the defendant's conviction had been affirmed on appeal.  *See State ex rel. Special Prosecutors*, 55 Ohio St.2d at 94-95.  In examining whether the trial court possessed jurisdiction to rule on the defendant's motion, the Supreme Court stated that "the trial court's granting of the motion to withdraw the guilty plea and the order to proceed with a new trial were inconsistent with the judgment of the Court of Appeals affirming the trial court's conviction premised upon the guilty plea.  The judgment of the reviewing court is controlling upon the lower court as to all matters within the compass of the judgment." *Id.* at 97.  The Court concluded that "the trial court lost its jurisdiction when the appeal was taken, and, absent a remand, it did not regain jurisdiction subsequent to the Court of Appeals' decision." *Id.*  The Supreme Court went on to determine that "Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court.  While Crim.R. 32.1 apparently enlarges the power of the trial court over its judgments without respect to the running of the court term, it does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do." *Id.* at 97-98.

{¶9} Since that time, this Court has frequently applied the holding in *State ex rel. Special Prosecutors* to matters involving motions to withdraw pleas when the conviction has been affirmed on appeal. *See, e.g.*, *State v. Molnar*, 9th Dist. Summit No. 25267, 2011-Ohio-3799; *State v. Torres*, 9th Dist. Medina No. 19CA0076-M, 2020-Ohio-3691, ¶ 6-7; *see also Torres* at ¶ 11 (Carr, J., concurring in judgment only) (noting that this Court has applied *State ex rel. Special Prosecutors* in a variety of scenarios).

{¶10} The Supreme Court subsequently discussed *State ex rel. Special Prosecutors* in *State v. Davis*, 131 Ohio St.3d 1, 2011-Ohio-5028. *Davis* involved a motion for a new trial based upon newly discovered evidence in a death penalty case following affirmance of the case on direct appeal and a not a motion to withdraw a guilty plea. *See Davis* at ¶ 1-10. Notwithstanding, the Supreme Court spoke broadly and stated that "the holding in [*State ex rel.*] *Special Prosecutors* does not bar the trial court's jurisdiction over posttrial motions permitted by the Ohio Rules of Criminal Procedure." *Davis* at ¶ 37. With respect to the facts of the case, the *Davis* Court concluded that "a trial court retains jurisdiction to decide a motion for a new trial based on newly discovered evidence when the specific issue has not been decided upon direct appeal." *Id*.

{¶11} While this Court did conclude that the Supreme Court's opinion in *Davis* did not alter this Court's interpretation of *State ex rel. Special Prosecutors* with respect to Crim.R. 32.1 motions, the analysis therein received no majority. *See State v. Crangle*, 9th Dist. Summit No. 25735, 2011-Ohio-5776. The lead opinion in *Crangle* ultimately determined that *Davis* did not apply to Crim.R. 32.1 motions as Crim.R. 32.1 motions were not posttrial motions:

> At first glance, [*State ex rel.*] *Special Prosecutors* may appear inconsistent with *Davis's* "does not bar ... posttrial motions" language because a defendant may move to withdraw his plea even after he has been convicted. Crim. R. 32.1 ("[T]o correct a manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."). In *Davis*, however, the Supreme Court explained that it was only modifying [*State ex rel.*]

*Special Prosecutors* to the extent the case had been applied to "posttrial" motions. A motion to withdraw a guilty plea does not follow a trial and, therefore, is not a "posttrial" motion.

*Crangle* at ¶ 10.

{¶12} Years later, in *State ex rel. Davis v. Janas*, 160 Ohio St.3d 187, 2020-Ohio-1462, the Supreme Court cited to both *State ex rel. Special Prosecutors* and *Davis* in considering whether a trial court's alteration of a sentencing entry was a clerical correction. *See State ex rel. Davis* at ¶ 3-6, 11. The Supreme Court reaffirmed the notion that, "[g]enerally, a trial court loses jurisdiction to modify its judgment once that judgment has been affirmed on appeal." *Id.* at ¶ 11, citing *State ex rel. Special Prosecutors*, 55 Ohio St.2d at 97. However, the Supreme Court also stated that "[r]elief from final judgments in criminal cases is confined to the procedures authorized by statute or rule." *State ex rel. Davis* at ¶ 11, citing *Davis*, 131 Ohio St.3d 1, 2011-Ohio-5028, at ¶ 37. A footnote to that sentence specifically listed several rules, including Crim.R. 32.1, *see State ex rel. Davis* at ¶ 11, fn. 3, and a parenthetical accompanying the citation to *Davis* states that "[*State ex rel.*] *Special Prosecutors* does not bar the trial court's jurisdiction over posttrial motions permitted by the Ohio Rules of Criminal Procedure[.]" *State ex rel. Davis* at ¶ 11, quoting *Davis* at ¶ 37.

{¶13} While this Court has continued to apply *State ex rel. Special Prosecutors*, *see, e.g. Torres*, 2020-Ohio-3691, at ¶ 6-7, we have not yet expressly considered how *State ex rel. Davis* might alter how *State ex rel. Special Prosecutors* applies. Other districts have, however. *See State v. Brown*, 8th Dist. Cuyahoga No. 112027, 2023-Ohio-2064, ¶ 7-11; *State v. Enyart*, 10th Dist. Franklin No. 22AP-645, 2023-Ohio-3373, ¶ 24-28.

{¶14} In *Enyart*, the 10th District analyzed both *Davis* and *State ex rel. Davis* and concluded that, taken together, "[*State ex rel.*] *Special Prosecutors* can no longer be construed as

divesting a trial court of its continuing jurisdiction over post-sentence motions that are permitted by the Ohio Rules of Criminal Procedure or Ohio law." *Enyart* at ¶ 26. The Tenth District then held "that [*State ex rel.*] *Special Prosecutors* no longer applies to post-sentence motions to withdraw a guilty or no contest plea filed pursuant to Crim.R. 32.1." *Enyart* at ¶ 26.

{¶15} Irrespective of whether this Court agrees with the extent of the Tenth District's holding in *Enyart*, this Court does agree that when *State ex rel. Special Prosecutors* is considered along with more recent precedent, it must be concluded that the holding of *State ex rel. Special Prosecutors* has been clarified. We determine that, under the facts of this case, the trial court did not lack jurisdiction to consider Cobb's motion to withdraw his guilty plea. In so concluding, we are mindful that the issues raised in Cobb's motion to withdraw his guilty plea were not decided in his direct appeal. *See Davis*, 131 Ohio St.3d 1, 2011-Ohio-5028, at ¶ 37; *State ex rel. Davis*, 160 Ohio St.3d 187, 2020-Ohio-1462, at ¶ 11. Accordingly, the trial court erred in concluding that *State ex rel. Special Prosecutors* deprived it of jurisdiction to consider Cobb's motion in light of the subsequent case law from the Ohio Supreme Court discussed above.

{¶16} Cobb's first assignment of error is sustained, and the matter is remanded to the trial court to consider Cobb's motion to withdraw his guilty plea.

## ASSIGNMENT OF ERROR II

APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL IN VIOLATION OF THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, WHEN APPELLATE COUNSEL FAILED TO ADVISE HIS CLIENT THAT BY FILING A DIRECT APPEAL, APPELLANT WOULD BE BARRED FROM FILING A MOTION TO WITHDRAW HIS GUILTY PLEA IN THE EVENT THAT NEWLY DISCOVERED EVIDENCE BECAME AVAILABLE.

## ASSIGNMENT OF ERROR III

APPELLANT'S PLEA[] OF GUILTY WAS NOT MADE KNOWINGLY AND INTELLIGENTLY, WHEN THE TRIAL COURT FAILED OT INFORM HIM

OF THE CONSEQUENCES OF FILING A DIRECT APPEAL FOLLOWING THAT GUILTY PLEA, IN VIOLATION OF OHIO CRIMINAL RULE 11, THE DUE PROCESS CLAUSE OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

**{¶17}** Cobb's arguments in his second and third assignments of error raise issues that were not raised below and are outside the scope of the entry from which he appealed. *See State v. Samuels*, 9th Dist. Summit No. 25283, 2011-Ohio-2631, ¶ 6; *State v. Baker*, 9th Dist. No. 29943, 2021-Ohio-3991, ¶ 7. In other words, the trial court did not consider or decide the issues in these assignments of error in the judgment entry on appeal to this Court. Cobb's second and third assignments of error are overruled on that basis.

III.

**{¶18}** Cobb's second and third assignments of error raise issues outside the scope of the trial court's judgment entry and this appeal and are overruled on that basis. Cobb's first assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed, and the matter is remanded for the trial court to consider Cobb's motion to withdraw his guilty plea in the first instance.

Judgment reversed,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

SUTTON, P. J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

CHAD JAY COBB, pro se, Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.