[Cite as *State v. Cobb*, 2026-Ohio-1639.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 31606 |
| | |
| Appellee | |
| | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| | COURT OF COMMON PLEAS |
| CHAD COBB | COUNTY OF SUMMIT, OHIO |
| | CASE No. CR-2012-07-1887-A |
| Appellant | |

DECISION AND JOURNAL ENTRY

Dated: May 6, 2026

CARR, Presiding Judge.

{¶1} Defendant-Appellant Chad Jay Cobb appeals the decision of the Summit County Court of Common Pleas denying his motion to withdraw his guilty plea. This Court affirms.

I.

Cobb pleaded guilty in 2013 to several serious charges, including aggravated murder, kidnapping, aggravated robbery, and felonious assault, among others. Cobb was sentenced to life without the possibility of parole. Cobb appealed, raising three assignments of error for this Court's review. *See State v. Cobb*, 2014-Ohio-1923 (9th Dist). Therein, Cobb argued that the trial court lacked subject matter jurisdiction over the aggravated murder charge, he received ineffective assistance of counsel when his attorney failed to attend a motion to dismiss hearing in municipal court, and that the trial court violated his right to counsel by permitting his original counsel to withdraw. See *id*. at ¶ 4, 11, 14. This Court overruled his assignments of error. *Id*. at ¶ 19.

In December 2022, Cobb filed a pro se motion to withdraw his guilty plea. Cobb argued that he was denied the effective assistance of counsel due to counsel's failure to investigate and/or a failure of counsel to communicate certain information to Cobb. In addition, Cobb maintained that he was denied the effective assistance of counsel as trial counsel encouraged Cobb to plead while Cobb was being threatened that he would lose parental rights to his children if he did not plead. Thus, Cobb also asserted that his plea was coerced. Cobb further argued that *State*

*ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, (1978), did not bar a consideration of the merits of his arguments.

The State opposed the motion, asserting that *State ex rel. Special Prosecutors* deprived the trial court of jurisdiction over Cobb's motion, and, if it did not, Cobb's arguments failed on the merits. Cobb filed a reply brief.

The trial court denied Cobb's motion, concluding that it lacked jurisdiction based upon the holding of *State ex rel. Special Prosecutors* and this Court's precedent interpreting that case and its progeny.

*State v. Cobb*, 2024-Ohio-916, ¶ 2-5 (9th Dist.).

{¶2} Cobb appealed, and this Court reversed the trial court's decision, concluding the trial court erred in concluding *State ex rel. Special Prosecutors* deprived the trial court of jurisdiction to consider the merits of Cobb's motion. *Cobb* at ¶ 15. We remanded the matter for the trial court to consider the merits of Cobb's arguments. *Id.* at ¶ 16.

{¶3} Following the appeal, Cobb was represented by counsel; counsel did not seek to alter or expand upon Cobb's pro se motion. The trial court held an evidentiary hearing at which Cobb, his parents, and daughter, G.C., testified. Both Cobb and the State filed a post-hearing brief. The trial court denied Cobb's motion in July 2025.

{¶4} Cobb has appealed, raising three assignments of error. They will be addressed together as they are related.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S POST-SENTENCE MOTION TO WITHDRAW HIS GUILTY PLEA WHERE THE PLEA WAS NOT KNOWINGLY, INTELLIGENTLY, OR VOLUNTARILY ENTERED.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION AND VIOLATED APPELLANT'S RIGHT TO DUE PROCESS BY DENYING HIS MOTION TO WITHDRAW HIS GUILTY PLEA WHERE THE PLEA WAS INDUCED BY A

MATERIALLY FALSE AND COERCIVE BELIEF THAT PLEADING GUILTY WAS NECESSARY TO PREVENT THE PERMANENT LOSS OF HIS PARENTAL RIGHTS.

**ASSIGNMENT OF ERROR III**

THE TRIAL COURT ABUSED ITS DISCRETION AND VIOLATED APPELLANT'S DUE PROCESS RIGHTS BY DENYING THE MOTION TO WITHDRAW THE GUILTY PLEA AFTER A FULL EVIDENTIARY HEARING BY DISREGARDING UNREBUTTED TESTIMONY AND IMPROPERLY RELYING ON THE CRIM.R. 11 COLLOQUY TO REJECT EVIDENCE ESTABLISHING THAT THE PLEA WAS NOT KNOWING, INTELLIGENT, OR VOLUNTARY.

**{¶5}** Cobb argues in each of his three assignments of error that the trial court erred and abused its discretion in denying Cobb's motion to withdraw his guilty plea.

**{¶6}** "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *State v. Brundage*, 2025-Ohio-2310, ¶ 8 (9th Dist.), quoting *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph two of the syllabus. "A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." *Brundage* at ¶ 8, quoting *Smith* at paragraph one of the syllabus.

**{¶7}** "Ineffective assistance of counsel can form the basis for a claim of manifest injustice to support withdrawal of a guilty plea pursuant to Crim.R. 32.1." *State v. Mills*, 2019-Ohio-2205, ¶ 9 (9th Dist.), quoting *State v. Graham*, 2017-Ohio-908, ¶ 8 (9th Dist.). "In addition, '[t]his Court has held that [a] guilty plea is not voluntary if it is the result of ineffective assistance of counsel.'" *Mills* at ¶ 9, quoting *State v. Bravo*, 2017-Ohio-272, ¶ 7 (9th Dist.).

{¶8}     "This Court uses a two-step process as set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), to determine whether a defendant's right to the effective assistance of counsel has been violated." *Mills* at ¶ 10, quoting *Bravo* at ¶ 8.

> When the *Strickland* test is applied to guilty pleas, the defendant must first show that counsel's performance was deficient.  Next, the defendant must show that there is a reasonable probability that but for counsel's errors, he would not have pleaded guilty.  [T]he mere fact that, if not for the alleged ineffective assistance, the defendant would not have entered the guilty plea, is not sufficient to establish the necessary connection between the ineffective assistance and the plea; instead, the ineffective assistance will only be found to have affected the validity of the plea when it precluded the defendant from entering the plea knowingly and voluntarily.

*Mills* at ¶ 10, quoting *Bravo* at ¶ 9, quoting *State v. Gegia*, 2004-Ohio-2124, ¶ 17 (9th Dist.).

{¶9}     Cobb asserts that he was entitled to withdraw his plea because his domestic relations attorney incorrectly informed him that if he did not plead guilty, and thereby resolve his case within a year, his children would be adopted, and he would lose his parental rights.  Cobb maintains that during his plea hearing, his trial attorneys confirmed that pleading guilty would preserve his parental rights.

{¶10}   In support of his motion to withdraw his guilty plea, Cobb submitted, inter alia, the affidavits of his parents and his own affidavit.  Cobb averred that his domestic relations attorney told him that if his case was not resolved within a year, his children would be placed for adoption.  Cobb's parents asserted that both the domestic relations attorney, and one of Cobb's defense attorneys, relayed similar things to them.

{¶11}   Additionally, Cobb and his parents also testified at the hearing on Cobb's motion.  Cobb's mother again asserted that the domestic relations attorney and one of Cobb's defense attorneys indicated that the matter needed to be resolved within the year or his children would be placed for adoption.  Cobb's father reiterated that the domestic relations attorney told them that Cobb's case had to be finished within a year in order to prevent Cobb from losing parental rights.

{¶12} Cobb also testified in a similar manner. Cobb testified that the domestic relations attorney stressed the need to resolve the case within a year to preserve Cobb's parental rights, and Cobb indicated that his criminal attorneys did not contradict that advice. Cobb asserted that his defense attorneys advised him to take the plea in order to preserve his parental rights. Thus, according to Cobb, it was his understanding that, if he did not plead and resolve the case, he risked his children being placed for adoption. Cobb maintained that if he had not been so misinformed, he would not have pleaded guilty.

{¶13} When Cobb was confronted at the motion hearing with his statements from his plea hearing, wherein he denied being threatened or promised anything in exchange for his plea, Cobb testified that he lied at the plea hearing. Cobb explained that, during the colloquy, Cobb wrote on a notepad to ask his trial attorney whether pleading would save his children. According to Cobb, the trial attorney nodded his head and told Cobb how to respond. When asked why Cobb did not subpoena his trial attorneys to testify at the motion hearing, Cobb responded that the trial attorneys would just say that Cobb was lying.

{¶14} Cobb has not demonstrated that the trial court improperly considered the evidence or applied the wrong standard. In reviewing the trial court's entry, it is clear that the trial court did not find Cobb's testimony at the motion hearing credible. Instead, the trial court believed that Cobb was telling the truth when he stated at the plea hearing that he was not threatened or coerced into pleading and that he was not promised anything in exchange for his plea. Cobb has not demonstrated that the trial court was unreasonable in making its determinations. While Cobb also presented testimony from his family, the trial court was not unreasonable in viewing that testimony with skepticism; those individuals were not unbiased and had a motivation to testify in favor of Cobb. Importantly, Cobb failed to present the testimony or an affidavit of any of the attorneys

whom Cobb claimed provided him with this misinformation. Further, to the extent that Cobb asserts that his domestic relations attorney coerced him into pleading guilty based upon misinformation, that in and of itself does not provide any support for the idea that Cobb's criminal attorneys were ineffective. In addition, Cobb waited almost ten years to file his motion to withdraw his guilty plea, even though this particular argument could have been raised years earlier. Based on all of the foregoing, and in light of the arguments raised on appeal, we cannot say that Cobb has shown that the trial court abused its discretion in denying his motion to withdraw his guilty plea.

{¶15} Cobb's assignments of error are overruled.

III.

{¶16} Cobb's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT


STEVENSON, J.
FLAGG LANZINGER, J.
CONCUR.


APPEARANCES:

KIMBERLY KENDALL CORRAL, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.