[Cite as *State v. Bloodworth*, 2019-Ohio-1222.]

STATE OF OHIO         )           IN THE COURT OF APPEALS
                     )ss:       NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT   )

STATE OF OHIO                  C.A. No.     29025

     Appellee

     v.                       APPEAL FROM JUDGMENT
                             ENTERED IN THE
GREGORY A. BLOODWORTH     COURT OF COMMON PLEAS
                             COUNTY OF SUMMIT, OHIO
     Appellant              CASE No.    CR-2017-10-3655

DECISION AND JOURNAL ENTRY

Dated: April 3, 2019

CALLAHAN, Presiding Judge.

**{¶1}** Appellant, Gregory A. Bloodworth, appeals his conviction by the Summit County Court of Common Pleas and an order that denied his motion to withdraw a guilty plea. This Court affirms.

I.

**{¶2}** Mr. Bloodworth pleaded guilty to one charge of burglary in violation of R.C. 2911.12(A)(2). After reviewing a presentence investigation, the trial court sentenced him to seven years in prison and ordered that sentence to run consecutively to a sentence imposed in another case. Mr. Bloodworth expressed dissatisfaction with his sentence during a subsequent hearing held for the purpose of informing him of his appeal rights. He filed a pro se motion to withdraw his guilty plea one week later, arguing, in part, that he pleaded guilty in reliance on a guarantee that he would be sentenced to five or fewer years in prison. The trial court denied his

motion without a hearing. Mr. Bloodworth timely appealed both his conviction and the denial of his motion to withdraw the guilty plea.

II.

**ASSIGNMENT OF ERROR NO. 1**

APPELLANT BLOODWORTH WAS DENIED HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL.

{¶3} In his first assignment of error, Mr. Bloodworth argues that his trial counsel provided ineffective assistance in connection with the guilty plea. Specifically, Mr. Bloodworth argues that had trial counsel not incorrectly guaranteed that he would be sentenced to five or fewer years in prison, he would not have pleaded guilty.

{¶4} A defendant who pleads guilty waives the right to raise issues related to ineffective assistance of counsel on appeal unless they resulted in an involuntary plea. *State v. Carroll*, 9th Dist. Lorain No. 06CA009037, 2007-Ohio-3298, ¶ 5, citing *State v. Barnett*, 73 Ohio App.3d 244, 248 (2d. Dist.1991) and *State v. Dallas*, 9th Dist. Wayne No. 06CA0033, 2007-Ohio-1214, ¶ 4. In order to demonstrate ineffective assistance of counsel, a defendant must show (1) deficiency in the performance of counsel "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) that the errors made by counsel were "so serious as to deprive the defendant of a fair trial[.]" *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *See also Hill v. Lockhart*, 474 U.S. 52, 58 (1985) (holding that the *Strickland* test applies when a defendant challenges the effectiveness of counsel in connection with a guilty plea). A defendant who has pleaded guilty must demonstrate prejudice by showing "'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, ¶ 89, quoting *Lockhart* at 59.

{¶5}     Mr. Bloodworth's argument that trial counsel's performance was deficient relies on statements that he alleges trial counsel made during the course of plea negotiations. Mr. Bloodworth's written plea agreement, however, set forth the maximum possible penalty for a violation of R.C. 2911.12, explained that his sentence might run consecutively with other sentences imposed, and affirmed that no promises had been made in connection with the plea. The agreement also provided that a presentence investigation would be obtained, and it stated simply "free to argue." During the plea colloquy, the trial court reiterated each of these points, the State represented that it was free to argue about the appropriate sentence, and Mr. Bloodworth affirmed on the record that no promises had been made to him. No other statements related to plea negotiations appear in the record.

{¶6}     In a direct appeal, it is "impossible to determine whether [an] attorney was ineffective in his representation * * * where the allegations of ineffectiveness are based on facts not appearing in the record." *State v. Cooperrider*, 4 Ohio St.3d 226, 228 (1983). Consequently, a claim of ineffective assistance that necessarily relies on proof outside the record is not appropriately raised in a direct appeal. *State v. Madrigal*, 87 Ohio St.3d 378, 390-391 (2000). Mr. Bloodworth has argued that his attorney made statements to him during the course of plea negotiations that induced him to plead guilty based on the expectation of a shorter prison term. Because Mr. Bloodworth's argument is based on allegations that there was an agreement beyond what the record reflects, it cannot be reviewed on direct appeal. *See State v. Walter*, 9th Dist. Wayne Nos. 16AP0009, 16AP0010, 2017-Ohio-236, ¶ 19, citing *State v. Zupancic*, 9th Dist. Wayne No. 12CA0065, 2013–Ohio–3072, ¶ 4–5.

{¶7}     Mr. Bloodworth's first assignment of error is overruled.

**ASSIGNMENT OF ERROR NO. 2**

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT BLOODWORTH'S CRIMINAL RULE 32.1 MOTION.

**{¶8}** Mr. Bloodworth's second assignment of error argues that the trial court erred by denying his motion to withdraw his guilty plea without conducting a hearing.

**{¶9}** "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1. A motion to withdraw a guilty plea is entrusted to the discretion of the trial court, and this Court reviews the trial court's determination for an abuse of discretion. *See State v. Cargill*, 9th Dist. Summit Nos. 27011, 27590, 2015-Ohio-661, ¶ 8, citing *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph two of the syllabus.

**{¶10}** Although a trial court must conduct a hearing when a defendant moves to withdraw a guilty plea before sentencing, a hearing is not always required when the motion is filed after sentencing. *State v. West*, 9th Dist. Lorain No. 17CA011110, 2018-Ohio-1176, ¶ 6, citing *Cargill* at ¶ 11. Mr. Bloodworth has not developed any argument explaining why the trial court abused its discretion by denying his post-sentencing motion without a hearing. *West* at ¶ 11, citing App.R. 16(A)(7) and *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8-9 (May 6, 1998). Accordingly, his second assignment of error is overruled.

III.

**{¶11}** Mr. Bloodworth's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

JEFFREY N. JAMES, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.