[Cite as *State v. Spurling*, 2021-Ohio-3056.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-200322 |
|  |  | C-200323 |
| Plaintiff-Appellee, | : | TRIAL NOS. B-1905121 |
|  |  | B-1905397 |
| vs. | : | |
| JERMAINE SPURLING, | : | |
|  |  | *O P I N I O N.* |
| Defendant-Appellant. | : | |

Criminal Appeals From:  Hamilton County Court of Common Pleas

Judgments Appealed From Are:  Affirmed

Date of Judgment Entry on Appeal:  September 3, 2021

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Mary Stier*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*The Law Office of John D. Hill, LLC*, and *John D. Hill, Jr.*, for Defendant-Appellant.

**MYERS, Presiding Judge.**

{¶1}   Defendant-appellant Jermaine Spurling appeals his convictions for trafficking in cocaine, possession of a fentanyl-related compound, and having a weapon while under a disability.  In three assignments of error, Spurling challenges the validity of his guilty pleas, the effectiveness of his trial counsel, and the sentences imposed.  Finding no merit to Spurling's assignments of error, we affirm.

{¶2}   In the case numbered B-1905121, Spurling was indicted for possession of a fentanyl-related compound, a fifth-degree felony, carrying a concealed weapon and improper handling of a firearm in a motor vehicle, both fourth-degree felonies, and having a weapon while under a disability, a third-degree felony.  In exchange for Spurling's guilty pleas to the fentanyl and weapon-under-disability charges, the state dismissed the remaining weapons charges.  The trial court imposed prison terms of 12 and 36 months respectively, and ordered them to run concurrently to each other.

{¶3}   In the case numbered B-1905397, Spurling was indicted for two first-degree felonies, possession of cocaine and trafficking in cocaine, and accompanying major-drug-offender specifications.  In exchange for Spurling's guilty plea to a reduced charge of trafficking in cocaine, a felony of the third degree, the state dismissed the possession count and the specifications for both offenses.  The trial court imposed a 36-month prison term and ordered it to run consecutively to the sentence in the case numbered B-1905121, for an aggregate prison term of six years.

*The Guilty Pleas*

{¶4}   In his first assignment of error, Spurling argues that the trial court erred in accepting guilty pleas that were not made knowingly, intelligently, and voluntarily.

{¶5}   Before a trial court accepts a plea in a felony case, Crim.R. 11(C)(2) requires the court to ascertain that the plea is voluntary and entered with an

understanding of the effect of the plea, the nature of the charges, and the maximum penalty that may be imposed. *See* Crim.R. 11(C)(2)(a) and (b). In addition, the court must inform the defendant, and determine that the defendant understands, that by pleading guilty, the defendant is waiving her or his constitutional rights (1) to a jury trial; (2) to confront witnesses against the defendant; (3) to have compulsory process for obtaining witnesses in the defendant's favor; (4) to require the state to prove the defendant's guilt beyond a reasonable doubt; and (5) to the privilege against self-incrimination. *See* Crim.R. 11(C)(2)(c); *State v. Brinkman*, Slip Opinion No. 2021-Ohio-2473, ¶ 11.

{¶6} In this case, Spurling concedes that the trial court complied with the requirements of Crim.R. 11(C)(2). However, he asserts that his guilty pleas were predicated on representations from counsel that the trial court would impose less than a six-year aggregate term, which the state had offered as part of a proposed plea bargain and which he had previously rejected.

{¶7} Spurling concedes that his claim is based on information outside the record, which we cannot consider in deciding the appeal. *See State v. Brooks*, 1st Dist. Hamilton No. C-190549, 2021-Ohio-425, ¶ 10; *State v. Ishmail*, 54 Ohio St.2d 402, 405-406, 377 N.E.2d 500 (1978). And, on the record before us, it is clear that Spurling understood that the state was seeking a six-year prison sentence, because defense counsel requested that sentencing be deferred so that he could provide mitigation information to convince the court that a sentence of less than six years was appropriate.

{¶8} Spurling also argues that he construed the trial court's statement that he would receive "a very, very good deal" as an indication that the court would deviate downward from the previously rejected offer of an agreed six-year prison sentence. But this claim is equally unavailing. After the court accepted Spurling's

guilty pleas, defense counsel asked that Spurling be released on bond pending sentence. The court denied the request, stating:

> [Defense counsel] has on a number of occasions asked that on your behalf. I am not going to do it. I appreciate you asking. You are going to get a very, very good deal at the end of the day. You got nicked with something that could have put you in jail for a long, long time. I think it is best at this point. You get credit for time, anyway. * * * I think it is best at this point to be where you are. I will overrule your request.

{¶9} Spurling could not have relied on the court's statement as an inducement to enter his guilty pleas because the statement was made *after* Spurling's pleas were made and accepted, and the statement likely referred to the fact that defense counsel negotiated a favorable plea bargain for Spurling. Moreover, in entering his pleas, Spurling acknowledged that he had not received promises from the court or anyone else in order to get him to plead.

{¶10} The trial court did not err in accepting Spurling's guilty pleas. We overrule the first assignment of error.

### Effective Assistance of Counsel

{¶11} In his second assignment of error, Spurling argues that he was deprived of his constitutional right to the effective assistance of counsel. Counsel will not be considered ineffective unless counsel's performance was deficient and caused actual prejudice to the defendant. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 141-142, 538 N.E.2d 373 (1989). Counsel's performance will only be deemed deficient if it fell below an objective standard of reasonableness. *Strickland* at 688; *Bradley* at 142. A defendant is only prejudiced by counsel's performance if there is a reasonable probability that the outcome of the proceedings would have been different but for the deficient performance. *Strickland* at 694; *Bradley* at 142.

{¶12} Spurling argues that counsel induced him to enter guilty pleas with false assurances that the trial court would deviate downward from the six-year agreed sentence that the state had previously offered and he had rejected. But we are unable to determine on appeal whether ineffective assistance of counsel occurred where the allegations of ineffectiveness are, as Spurling admits here, based on facts outside the record. *See State v. Giuggio*, 1st Dist. Hamilton No. C-170133, 2018-Ohio-2376, ¶ 10; *State v. Coleman*, 85 Ohio St.3d 129, 134, 707 N.E.2d 476 (1999). We overrule the second assignment of error.

*Sentencing*

{¶13} In his third assignment of error, Spurling argues that the trial court's imposition of a six-year aggregate sentence was not supported by the record and that it constituted cruel and unusual punishment.

{¶14} Pursuant to R.C. 2953.08(G)(2)(a), we may modify or vacate a defendant's sentence only if we clearly and convincingly find that the sentence is contrary to law or that the record does not support the trial court's findings under certain enumerated statutes, including R.C. 2929.13(B), R.C. 2929.13(D), R.C. 2929.14(B)(2)(e), R.C. 2929.14(C)(4), and R.C. 2929.20(I). *State v. Bronson*, 1st Dist. Hamilton No. C-200151, 2021-Ohio-838, ¶ 2; *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 31, 37.

{¶15} Here, the trial court made the mandatory consecutive-sentences findings under R.C. 2929.14(C)(4) at the sentencing hearing and incorporated its findings into the sentencing entry. *See State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37; *Bronson* at ¶ 8. The court found that consecutive sentences are necessary to protect the public and to punish the defendant and are not disproportionate to the seriousness of the defendant's conduct and the danger the defendant poses to the public. *See* R.C. 2929.14(C)(4). In addition, the court found that the aggravating factor in R.C. 2929.14(C)(4)(c) existed, finding that the

defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the defendant.

{¶16} The trial court's findings are supported by the record. At the sentencing hearing, the trial court noted that Spurling had prior felony convictions for trafficking in marijuana, aggravated robbery, possession of cocaine, trafficking in cocaine, carrying a concealed weapon, robbery, and having a weapon while under a disability. The court stated that Spurling had previously served three prison terms. The court noted that when Spurling was stopped by police, he possessed fentanyl and a loaded firearm. The court also noted that Spurling's trafficking charge involved nearly 500 grams of cocaine, "all the trappings * * * that make up what constitutes a pretty major drug dealer." The court remarked that a drug dealer with a gun posed a danger to the community. The record supports the imposition of consecutive sentences.

{¶17} Spurling concedes that the individual sentences imposed fell within the authorized ranges for the offenses and were not contrary to law. Rather, he argues that his six-year aggregate sentence was disproportionate to his conduct, amounting to cruel and unusual punishment in violation of the United States and Ohio Constitutions.

{¶18} The Supreme Court of Ohio has held that, for purposes of review under the Eighth Amendment to the United States Constitution and Article I, Section 9 of the Ohio Constitution, "proportionality review should focus on individual sentences rather than on the cumulative impact of multiple sentences imposed consecutively." *State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, 888 N.E.2d 1073, ¶ 20. Therefore, if none of the individual sentences imposed on a defendant are "grossly disproportionate to their respective offenses, an aggregate prison term resulting from consecutive imposition of those sentences does not constitute cruel and unusual punishment." *Id.*

**{¶19}** Each of Spurling's individual prison terms fell within the statutory range for its respective offense, and "[a]s a general rule, a sentence that falls within the terms of a valid statute cannot amount to a cruel and unusual punishment." *See id.* at ¶ 21, quoting *McDougle v. Maxwell*, 1 Ohio St.2d 68, 69, 203 N.E.2d 334 (1964). Because the individual sentences imposed are within the range of penalties authorized by statute, "they are not grossly disproportionate or shocking to a reasonable person or to the community's sense of justice and do not constitute cruel and unusual punishment." *See id.* at ¶ 23. Consequently, Spurling's aggregate six-year prison term, which resulted from the consecutive imposition of individual prison terms, does not violate the Eighth Amendment to the United States Constitution or Article I, Section 9 of the Ohio Constitution. *See id.*

**{¶20}** We overrule the third assignment of error, and we affirm the judgments of the trial court.

Judgments affirmed.

**CROUSE** and **BOCK, JJ.,** concur.

Please note:

The court has recorded its own entry this date.