[Cite as *State v. Waters*, 2023-Ohio-721.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                            :

      Plaintiff-Appellee,                       :                    No. 21AP-667
                                                                               (C.P.C. No. 20CR-5588)
v.                                                              :                    &
                                                                               No. 21AP-668
Kendall D. Waters,                                  :                    (C.P.C. No. 21CR-1037)

      Defendant-Appellant.                    :                    (REGULAR CALENDAR)

                                                              :

D E C I S I O N

Rendered on March 9, 2023

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee.

**On brief:** *Bellinger & Donahue*, and *Kerry M. Donahue*, for appellant.

APPEALS from the Franklin County Court of Common Pleas.

BOGGS, J.

{¶ 1} Defendant-appellant, Kendall D. Waters, appeals from the judgments of the Franklin County Court of Common Pleas which convicted him of two counts of aggravated robbery, one of which included a firearm specification. For the following reasons, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} In November 2020, Waters was indicted in two cases (Franklin C.P. Nos. 20CR-5588 and 21CR-1037) that arose from two different alleged robberies. The incident in case no. 20CR-5588 also involved a codefendant, Lonnie Green.

{¶ 3} Both cases proceeded to trial. They were scheduled as a joint trial that covered both indictments with both Waters and Green as codefendants. Shortly after voir dire was completed, Lonnie Green, Waters's codefendant in case no. 20CR-5588, entered

into a plea agreement wherein he pled guilty to aggravated robbery and agreed to testify against Waters.

{¶ 4}   After Green pled guilty, Waters's counsel confirmed there were no discovery issues related to Green, that counsel had had an opportunity to speak with Green that day, and that any issues could be explored during cross-examination of Green.  The trial then continued, solely against Waters with Green ultimately testifying against Waters.

{¶ 5}   On the fourth day of testimony, Waters pled guilty in case No. 20CR-5588 to aggravated robbery without any specifications and in case No. 21CR-1037 to aggravated robbery with a three-year firearm specification.  As part of the plea agreement, the parties jointly recommended a total sentence of 10 to 13.5 years in prison, composed of 3 to 4.5 years for the aggravated robbery in case No. 20CR-5588 to be served concurrently with a mandatory indefinite prison term of 10 to 13.5 years for the aggravated robbery and firearm specification in case No. 21CR-1037.

{¶ 6}   During the Crim. R. 11 colloquy, the trial court judge confirmed that Waters's guilty plea was knowingly, intelligent, and voluntary.  Waters also stated that he was satisfied with his attorney's representation and that he understood the various rights he was waiving, including his ability to appeal trial court rulings, by pleading guilty.

{¶ 7}   In case No. 20CR-5588, the trial court found Waters guilty, pursuant to his guilty plea, of one count of aggravated robbery, and in case No. 21CR-1037, the trial court found Waters guilty, pursuant to his guilty plea, of one count of aggravated robbery with an accompanying firearm specification, and the court imposed the jointly recommended sentences.

{¶ 8}   Waters now timely appeals his convictions.

## II.  ASSIGNMENTS OF ERROR

{¶ 9}   Waters assigns the following as trial court errors:

[1.]  The Court, over objection, allowed prior bad acts evidence more prejudicial than probative.

[2.]  It was ineffective assistance of counsel to force a plea agreement due to ineffectiveness during the preceeding trial that forced the plea bargain.

## III. LEGAL ANALYSIS

{¶ 10} Waters jointly argues both assignments of error. Waters states that the trial court erred in allowing his codefendant to testify, and that counsel was ineffective in failing to ask for a continuance upon learning Green would testify, in failing to object to leading questions, and in failing to ask questions of Green on cross-examination. Plaintiff-appellee, State of Ohio, argues that Waters's guilty plea forecloses any argument regarding the admission of evidence and that Waters has failed to show ineffective assistance of counsel.

{¶ 11} First, we address Waters's ineffective assistance of counsel claim.

{¶ 12} To establish ineffective assistance of counsel, Waters must show that counsel's performance was deficient, and that counsel's deficient performance prejudiced him. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). With respect to challenges to guilty pleas based on alleged ineffective assistance of counsel, the *Strickland* test's prejudice requirement is met when the defendant shows "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

{¶ 13} This court has previously held that a guilty plea waives a claim of ineffective assistance of counsel unless counsel's errors affect the knowing and voluntary nature of the plea. *State v. McMichael*, 10th Dist. No. 11AP-1042, 2012-Ohio-3166. "To establish prejudice, appellant must demonstrate 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty' and would have insisted on going to trial." *State v. Xie*, 62 Ohio St.3d 521, 524 (1992), quoting *Hill* at 59.

{¶ 14} Here, Waters fails to show that he did not enter his guilty plea knowingly and voluntarily. He contends only that he was "uncomfortable" and "frightened," which thus made his plea involuntarily. (Appellant Reply Brief at 10, 12.) We find this argument unpersuasive.

{¶ 15} Waters told the trial court that he was satisfied with his counsel's performance and that he was entering his plea knowingly and willingly. During the Crim. R. 11 colloquy, Waters also confirmed that he understood his guilty plea would waive his ability to appeal trial court rulings. Despite this, Waters raises concerns with counsel's performance, including counsel not requesting a continuance after learning that Green would testify against Waters, counsel's cross-examination of Green, and counsel's strategy

in objecting to Green's testimony.  Under *Strickland*, courts should examine counsel's performance to meet a reasonable standard considering all the circumstances and to "eliminate the distorting effects of hindsight." *Strickland* at 689.  Given that Waters's counsel had an opportunity to speak with Green after learning that Green would be testifying against Waters, was able to object to Green's testimony and to cross-examine Green, we conclude that Waters's counsel's performance fell within the wide range of reasonable professional behavior expected of attorneys.

{¶ 16} Even assuming arguendo that counsel's performance fell below the standard of reasonable professional behavior required of attorneys, we cannot conclude that the alleged errors impacted whether Waters willingly entered into the plea agreement, or knowingly understood the implications of doing so.  In other words, Waters has not shown that he was prejudiced by counsel's alleged ineffectiveness, or that but for counsel's allegedly deficient performance he would have proceeded to trial. *Xie* at 524.

{¶ 17} Waters, who faced numerous charges, had the opportunity to hear most of the state's evidence against him over several days of trial. He then entered into a plea deal that eliminated all but two of his charges, with a joint recommendation that the sentences be served concurrently. We are unpersuaded by Waters argument that his attorney's ineffectiveness prompted him to involuntarily agree to plead guilty.  Such post-hoc argument without any additional support in the record is insufficient when looking at the totality of circumstances surrounding Waters plea agreement.  Therefore, we conclude that Waters has not demonstrated prejudice, i.e., that he would have proceeded to trial but for the alleged ineffectiveness of his counsel.  For the foregoing reasons, we overrule Waters's second assignment of error.

{¶ 18} Now we consider Waters's first assignment of error, in which he alleges that the trial court erred by improperly admitting evidence.

{¶ 19} We overrule Waters's first assignment of error because it is precluded by his guilty plea.  " 'A defendant who enters a voluntary plea of guilty while represented by competent counsel waives all nonjurisdictional defects in prior stages of the proceedings.' " *Ross v. Common Pleas Court of Auglaize Cty.*, 30 Ohio St.2d 323, 324 (1972), quoting *Crockett v. Haskins*, 372 F.2d 475 (6th Cir.1966).  Given that we have found that Waters,

with effective assistance of counsel, entered a knowing, intelligent, and voluntary guilty plea, Waters's assignment of error regarding the improper admission of evidence is barred.

{¶ 20} For these reasons, we also overrule Waters's first assignment of error.

## IV. CONCLUSION

{¶ 21} Having overruled both of Waters's assignments of error, we affirm the judgments of the Franklin County Court of Common Pleas.

*Judgments affirmed.*

LUPER SCHUSTER and EDELSTEIN, JJ., concur.

_____