[Cite as *State v. Cole*, 2025-Ohio-675.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 30194 |
| | : | |
| v. | : | Trial Court Case No. 2024 CR 00663 |
| | : | |
| MELQUAN E. COLE | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on February 28, 2025

. . . . . . . . . . .

J. DAVID TURNER, Attorney for Appellant

TRISTAN D. DIEGEL, Attorney for Appellee

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Melquan E. Cole appeals from his conviction following a guilty plea to one count of failure to comply with an order or signal of a police officer, a third-degree felony.

{¶ 2} Cole argues that various acts of ineffective assistance of counsel rendered his guilty plea invalid. For the reasons set forth below, we conclude that he has not demonstrated any ineffective assistance of counsel adversely affecting the validity of his

plea. Accordingly, the trial court's judgment will be affirmed.

## I. Background

{¶ 3} A grand jury indicted Cole on charges of failure to comply with an order or signal of a police officer, a third-degree felony, and aggravated drug possession, a fifth-degree felony. Cole later pled guilty to failure to comply in exchange for dismissal of the drug charge. During a Crim.R. 11 hearing, the trial court accepted the plea and made a finding of guilt. It later imposed a 24-month prison sentence. This appeal followed.

## II. Analysis

{¶ 4} Cole's sole assignment of error states:

COLE RECEIVED INEFFECTIVE ASSSITANCE OF COUNSEL WHICH CAUSED HIS PLEA TO BE LESS THAN KNOWING AND VOLUNTARY.

{¶ 5} Cole alleges ineffective assistance of counsel based on his attorney's failure to provide him with discovery, advise him of the elements of third-degree felony failure to comply, or explain the difference between third-degree and fourth-degree felony failure to comply. Cole contends his attorney's failure to do these things constituted deficient performance that deprived him of his ability to enter a knowing and voluntary guilty plea. He also argues that prejudice exists because he would not have entered a guilty plea if his attorney had provided the foregoing information.

{¶ 6} We review alleged instances of ineffective assistance of counsel under the two-part analysis found in *Strickland v. Washington*, 466 U.S. 668 (1984), which the Ohio Supreme Court adopted in *State v. Bradley*, 42 Ohio St.3d 136 (1989). To prevail on an ineffective-assistance claim, a defendant must show that trial counsel rendered deficient

performance and that counsel's deficient performance prejudiced him. *Strickland* at paragraph two of the syllabus; *Bradley* at paragraph two of the syllabus. "A plea of guilty waives any claim that the accused was prejudiced by ineffective assistance of trial counsel, except to the extent that the ineffectiveness alleged may have caused the guilty plea to be less than knowing, intelligent, and voluntary." *State v. Stivender*, 2011-Ohio-247, ¶ 15 (2d. Dist.).

{¶ 7} Upon review, we see no ineffective assistance of counsel affecting the validity of Cole's guilty plea. The record does not reflect whether defense counsel shared any discovery with him, advised him of the elements of the offense to which he pled guilty, or explained the difference between third-degree and fourth-degree felony failure to comply. Off-the-record events or conversations will not support an ineffective-assistance claim on direct appeal. *State v. King*, 2024-Ohio-4705, ¶ 10 (2d Dist.), citing *State v. McElrath*, 2024-Ohio-2475, ¶ 21 (2d Dist.); *see also State v. Jordan*, 2021-Ohio-2332, ¶ 24 (2d Dist.), citing *State v. Qualls*, 2015-Ohio-2182, ¶ 15 (2d Dist.) ("[T]he record does not reveal what discovery defense counsel shared with Jordan or what counsel told him regarding a guilty plea . . . Because these arguments rely on information outside the record, they are not cognizable on direct appeal.").

{¶ 8} Cole suggests that the relatively short time between his arraignment and guilty plea supports an inference that his attorney failed to do the things about which he complains. We disagree. Cole was arraigned and given appointed counsel on April 16, 2024. He entered his guilty plea on April 30, 2024. This two-week period was not insufficient for defense counsel to have met with Cole, shared any available discovery,

and discussed the charges. Cole cites nothing demonstrating otherwise.

{¶ 9} Regarding Cole's knowledge of the elements of the offense to which he pled guilty, we note too that he was informed of the elements during his plea hearing. Cole indicated his understanding and did not ask any questions.

{¶ 10} Finally, as for the distinction between third-degree and fourth-degree felony failure to comply, Cole cites *United States v. Broce*, 488 U.S. 563, 574 (1989), for the general proposition that "[a] failure by counsel to provide advice may form the basis of a claim of ineffective assistance of counsel[.]" But we see no reason why defense counsel would have needed to advise Cole about the distinction between third-degree and fourth-degree felony failure to comply.

{¶ 11} Cole was charged with failure to comply as a third-degree felony because his conduct caused a substantial risk of serious physical harm to persons or property. At the time of his offense, failure to comply was a fourth-degree felony if committed while fleeing immediately after the commission of a felony. But Cole's indictment did not charge him with failure to comply while fleeing after committing a felony. It charged him only with causing a substantial risk of serious physical harm to persons or property, which made the offense a third-degree felony.

{¶ 12} We are unpersuaded that an attorney provides deficient representation by failing to explain or distinguish uncharged offenses, particularly where the record contains no evidence that they apply to the defendant. Regardless, as we explained above, the record does not reveal what, if anything, defense counsel told Cole about the difference between failure to comply as a third-degree and fourth-degree felony. Therefore, he

cannot demonstrate ineffective assistance of counsel on direct appeal.

### III. Conclusion

**{¶ 13}** Cole's assignment of error is overruled, and the judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

EPLEY, P.J. and HUFFMAN, J., concur.