[Cite as *State v. Ahart*, 2025-Ohio-1561.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                              :

      Plaintiff-Appellee,                         :          No. 24AP-356
                                       (C.P.C. No. 22CR-2283)

v.                                                         :

                                               (REGULAR CALENDAR)
Torrence M. Ahart,                                         :

      Defendant-Appellant.                        :

---

D E C I S I O N

Rendered on May 1, 2025

---

**On brief:** [*Shayla D. Favor*], Prosecuting Attorney, and *Mark R. Wilson*, for appellee.

**On brief:** *Bellinger & Donahue*, and *Kerry M. Donahue*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas

JAMISON, P.J.

{¶ 1} Defendant-appellant, Torrence M. Ahart, appeals a judgment of conviction and sentence entered by the Franklin County Court of Common Pleas following Ahart's guilty plea to one count of felonious assault. For the following reasons, we affirm that judgment.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On June 29, 2022, Ahart was indicted on two counts: (1) one count of felonious assault, a second-degree felony in violation of R.C. 2903.11, with a firearm specification, and (2) one count of carrying a concealed weapon, a fourth-degree felony in violation of R.C. 2923.12. Ahart initially pleaded not guilty.

{¶ 3}   On February 7, 2024, Ahart entered a guilty plea to count one, the second-degree felony of felonious assault, without the firearm specification.  Ahart signed an entry memorializing his guilty plea.  The entry states that "there is a presumption in favor of a prison term" for felonious assault, and the maximum prison term is "an indefinite sentence of a minimum of 8 years of prison to a maximum of 12 years of prison."  (Entry of Guilty Plea at 1-2.)  In signing the entry, Ahart "assert[ed] that no person has . . . promised me leniency, or in any other way coerced or induced me to plead 'Guilty' as indicated above; my decision to plead 'Guilty,' thereby placing myself completely and without reservation of any kind upon the mercy of the Court with respect to punishment, represents the free and voluntary exercise of my own will and best judgment." *Id.* at 3.

{¶ 4}   During the plea hearing, the trial court explained to Ahart the maximum potential penalties for a second-degree felony.  Specifically, the trial court informed Ahart that for a second-degree felony, "the maximum prison term you could receive is an indefinite prison sentence with a minimum of 8 years and a maximum of 12 years."  (Feb. 7, 2024 Tr. at 14.)  Ahart responded that he understood the maximum potential penalties he faced and had no questions regarding those penalties.  Ahart also told the court that no one had promised him anything in exchange for his guilty plea.

{¶ 5}   After ensuring Ahart understood the constitutional rights he was forfeiting by pleading guilty, the trial court asked, "[A]fter everything we've talked about from the beginning until now, do you still wish to change your plea to guilty . . .?" *Id.* at 21.  Ahart answered, "Yes." *Id.*  The trial court inquired whether Ahart was changing his plea "knowingly, voluntarily and intelligently," and Ahart again answered affirmatively. *Id.*

{¶ 6}   The trial court then asked the prosecutor to summarize the facts of the case.  The prosecutor stated:

> [The] offense occurred on May 14th of 2022 at 6:18 p.m. CPD officers responded to Weiland Park . . . on a report of a shooting . . . . [A] female caller had said that [Ahart] had shot the baby . . . . Upon arrival, officers found the victim . . . had a wound to her abdomen. She was transported to the hospital and treated at that point.
>
> Mr. Ahart was placed in the back of a police cruiser. He spontaneously uttered to officers that he was firing a warning shot in an attempt to break up an altercation. Officers reviewed a video that showed the offense, showed an altercation that

> happened and a fight that happened in the park prior to the shooting and also showed Mr. Ahart pointing a firearm and firing the gun as well.
>
> He was interviewed at headquarters. He stated that they were at a party. There was a lot of family that was there. He said his sisters got into a verbal altercation. Someone brought a knife at that point, a box cutter. Someone was injured from the box cutter. Mr. Ahart told the officers that he fired the gun as a warning shot. He told the detectives that he swore that he fired the gun into the air and not at the people.

*Id.* at 22-23.

{¶ 7} Ahart then pleaded guilty to felonious assault, and the trial court accepted the plea. At the conclusion of the plea hearing, the trial court ordered a pre-sentence investigation. At defense counsel's request, the trial court also ordered a screening to determine Ahart's suitability for placement in the county community-based correctional facility ("CBCF").

{¶ 8} The trial court held a sentencing hearing on April 4, 2024. At the hearing, the prosecutor played a video of the shooting incident for the trial court. According to the prosecutor, the video showed Ahart's arm extended out in front of him when he fired the shot. The prosecutor maintained that if Ahart had fired a warning shot, as he told the police, his arm would have pointed in the air. The prosecutor, therefore, asked the trial court to impose a prison sentence on Ahart.

{¶ 9} In response, defense counsel maintained that the shooting was an accident. Defense counsel asserted that Ahart had no intention of harming the victim, whom he loved like a daughter, and he only fired his gun to defuse the fight. The CBCF program had accepted Ahart, and defense counsel asked that the trial court place him in that program.

{¶ 10} Before sentencing Ahart, the trial court recognized that Ahart did not intend to shoot the eight-year-old victim. The trial court, however, could not "get over" that Ahart had intentionally fired a gun at a birthday party at a family park. (Apr. 4, 2024 Tr. at 15.) Therefore, the trial court sentenced Ahart to five to seven and one-half years in prison. The trial court issued a judgment memorializing Ahart's conviction and sentence on April 4, 2024.

## II. ASSIGNMENT OF ERROR

{¶ 11} Ahart now appeals the April 4, 2024 judgment, and he assigns the following error:

> APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AND THUS HIS CONSTITUTIONAL RIGHTS WERE VIOLATED.

## III. LEGAL ANALYSIS

{¶ 12} By his only assignment of error, Ahart argues that he was deprived of effective assistance of counsel. Ahart claims that his counsel promised him that he would not receive a prison sentence, and this false promise induced him to plead guilty.

{¶ 13} A guilty plea waives the right to assert ineffective assistance of counsel, except to the extent that counsel's alleged error caused the plea to be less than knowing or voluntary. *State v. Waters*, 2023-Ohio-721, ¶ 13 (10th Dist.); *accord State v. Ketterer*, 2006-Ohio-5283, ¶ 105 (holding that a defendant's "guilty plea waive[s] any complaint as to claims of constitutional violations not related to the entry of the guilty plea"). Here, Ahart contends that he did not enter his plea knowingly and voluntarily due to his reliance on his attorney's alleged false promise that he would not go to prison. Ahart's guilty plea, therefore, did not waive his ineffective-assistance argument.

{¶ 14} To prevail on an ineffective-assistance claim, a defendant must meet the two-prong test set out in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the defendant must show that counsel's performance was deficient. *Id.* at 687; *State v. Bradley*, 42 Ohio St.3d 136, 141 (1989). To meet that requirement, the defendant must demonstrate that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland* at 687. Counsel's conduct is deficient if it falls below an objective standard of reasonable representation. *Id.* at 688; *Bradley* at 142.

{¶ 15} If the defendant shows that counsel's performance was deficient, then the second prong of the *Strickland* test requires the defendant to prove prejudice to prevail. *Strickland* at 687; *Bradley* at 141-42. A defendant who has pleaded guilty must demonstrate prejudice by showing " 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' " *Ketterer* at ¶ 89, quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

{¶ 16} Ahart's argument that his trial counsel's performance was deficient relies on statements he alleges his counsel made to him during plea negotiations that he would not receive prison time. As Ahart acknowledges, none of these statements are in the record.

{¶ 17} In a direct appeal, "it is impossible to determine whether [an] attorney was ineffective in his representation . . . where the allegations of ineffectiveness are based on facts not appearing in the record." *State v. Cooperrider*, 4 Ohio St.3d 226, 228 (1983); *accord State v. Cole*, 2025-Ohio-675, ¶ 7 (2d Dist.) ("Off-the-record events or conversations will not support an ineffective-assistance claim on direct appeal."). Consequently, a direct appeal is not the appropriate place to consider a claim of ineffective assistance of trial counsel that turns on information that is outside the record. *State v. Bunch*, 2022-Ohio-4723, ¶ 35; *accord State v. Kennard*, 2016-Ohio-2811, ¶ 23 (holding that, where proof outside the record is necessary to support a claim for ineffective assistance of trial counsel, the claim is purely speculative and not appropriate for consideration on direct appeal). Because Ahart bases his ineffective-assistance claim on evidence outside the record, we cannot consider that claim on direct appeal. *See State v. Spurling*, 2021-Ohio-3056, ¶ 12 (1st Dist.) (court unable to determine on direct appeal an ineffective-assistance claim that trial counsel gave false assurances that the trial court would sentence defendant to less than six years based on facts outside the record); *State v. Bloodworth*, 2019-Ohio-1222, ¶ 6 (9th Dist.) (court could not review on direct appeal defendant's argument that his counsel was ineffective for inducing him to plead guilty based on an expectation of a shorter prison term because the record did not include counsel's statements); *State v. Radel*, 2009-Ohio-3543, ¶ 18 (5th Dist.) ("Because a determination of appellant's claim of ineffective assistance of counsel involves facts outside the record, appellant's argument concerning . . . alleged erroneous advice that she would receive the minimum sentence must fail based on the authority of *Cooperrider*.").

{¶ 18} Ahart contends, however, that there is some evidence in the record that demonstrates that his trial counsel promised him that he would not go to prison. He points to his counsel's request for a CBCF evaluation, and he maintains that this court can surmise from that request that his counsel told him that he would be sentenced to a community control sanction instead of a prison term. We decline to engage in this speculation.

{¶ 19} Although a prison term is presumed for a second-degree felony, a trial court may impose a community control sanction—including a term at a CBCF—if it makes certain findings. *See* R.C. 2929.13(D)(1) & (2); 2929.16(A)(1). Given defense counsel's actions at the sentencing hearing, we conclude that defense counsel sought to obtain her client's acceptance to the CBCF so, at the hearing, she could advocate against a prison sentence and for placement of her client in the CBCF. We do not agree with Ahart that defense counsel's request for the CBCF evaluation demonstrated "that counsel believed that CBCF would be the likely sentence." (Appellant's Brief at 13.) Moreover, there is no record evidence to show that, even if defense counsel held this belief, she communicated it to her client. And, in any case, informing a client that a particular sentence is "likely" does not equate to a promise that the client will receive that sentence.

{¶ 20} Ahart also attached his own affidavit to his reply brief. In that affidavit, he testified to many of the facts instrumental to his ineffective-assistance claim. However, "[a] reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *State v. Ishmail*, 54 Ohio St.2d 402 (1978), paragraph one of the syllabus. We, consequently, do not consider Ahart's affidavit.

{¶ 21} In short, we cannot review Ahart's ineffective-assistance claim because Ahart bases it on proof that is not in the record. Accordingly, we overrule Ahart's sole assignment of error.

## IV. CONCLUSION

{¶ 22} For the foregoing reasons, we overrule the only assignment of error, and we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and BEATTY BLUNT, JJ., concur.

_____